IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARTLETT ELLIOTT,

     Plaintiff,

vs.                                                                              No. CIV-06-0234 JB/ACT

GEICO (GEICO GENERAL
INSURANCE COMPANY),

     Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Dismiss for Failure to State a Claim and Incorporated Memorandum, filed April 28, 2006 (Doc. 4). The primary issue is whether the Court has jurisdiction over this claim. Because the Court concludes that Elliott's Complaint does not demonstrate that the Court has subject matter jurisdiction, the Court will grant the motion and dismiss the Complaint for lack of jurisdiction.

## FACTUAL BACKGROUND

Elliott represents that he is a United States Air Force veteran of the Korean War. See Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 ("Complaint") at 5, filed March 28, 2006 (Doc. 1); In Rebuttal to Defendant's Motion to Dismiss for Failure to State a Claim and Incorporated Memorandum ("Response") at 2, filed May 12, 2006 (Doc. 6). Elliott states that he is permanently disabled with very limited income from Social Security only. See Complaint at 3; Response at 2. Elliott asserts that he cannot survive without being able to travel to his doctor, without getting to the Veterans Administration Medical Clinic in Albuquerque, New Mexico, or without driving to the grocery store for provisions. See Response at 2. Elliott reminds that, in modern times, New

Mexicans depend upon the automobile and the truck.  See id.

In his response to GEICO's motion to dismiss, Elliott contends that he continued to do business with GEICO because its rates were less than the insurance industry as a whole.  See id. at 1.  Elliott states that he canceled his coverage because he did not have "wheels" for a week and a half.  Id.  Elliott stated that he was "gouged" when he reinstated his coverage again.  Id.  Elliott argues that GEICO did not inform him that, if he canceled, the premiums would be higher.  See id.  Elliott states that GEICO then canceled his automobile coverage beginning April 17, 2006 at 12:01 noon because of one accident.  See id.

## PROCEDURAL BACKGROUND

On March 28, 2006, Elliott filed a Complaint for violation of his rights pursuant to 28 U.S.C. § 1983.  See Complaint at 1.  Elliott's Complaint is labeled a "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983."  Id.  Elliott has alleged that GEICO General Insurance Company has violated his civil rights by placing him in its "Assigned Risk Plan" and/or canceling his policy.  Id. ¶ (B)(1), at 2.  Elliott alleges that GEICO has canceled his policy because of one accident.  See id. Elliott asserts that he is entitled to $100,000.00 from GEICO for damages for violation of his rights to "life, liberty, and the pursuit of happiness."  Id. at 5.  Elliott seeks the following relief: (i) reinstatement with GEICO General Insurance Company; (ii) $100,000.00 for damages; and (iii) "Plaintiff has a right to an equitable remedy for a breach of performance; that being 'lifetime renewal' guarantee with Geico General Insurance Company."  Id.

GEICO moves the Court, pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint.  See Defendant's Motion to Dismiss for Failure to State a Claim and Incorporated Memorandum at 5.  On May 12, 2006, Elliott filed a document labeled "Rebuttal,"

which the Court, the Court's clerks, and GEICO are treating as a response pursuant to D.N.M.LR-Civ. 7.1(b).  <u>See</u> Doc. 6.  GEICO filed its Reply on May 23, 2006.  <u>See</u> Defendant's Reply in Support of Motion to Dismiss for Failure to State a Claim (Doc. 7).

In his response, Elliott contends that GEICO breached its contract with him.  <u>See</u> Response at 1.  Elliott contends that he had a "Lifetime" contract with GEICO -- GEICO General Insurance Company -- not with a GEICO Indemnity Assigned Risk Plan.  He stands by his claim for damages in the sum of $100,000.00.  <u>See</u> <u>id.</u> at 2.

## <u>LAW REGARDING FEDERAL JURISDICTION</u>

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress."   <u>Henry v. Office of Thrift Supervision</u>, 43 F.3d 507, 511 (10th Cir. 1994)(citations omitted).   Rule 12(b) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter."  Fed. R. Civ. Proc. 12(b)(1).  "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."  <u>Montoya v. Chao</u>, 296 F.3d 952, 955 (10th Cir. 2002)(citing <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994)).

Whenever it appears that the court lacks jurisdiction of the subject matter involved in an action, the court must dismiss the action.  <u>See</u> <u>Tuck v. United Servs. Auto. Ass'n</u>, 859 F.2d 842, 844 (10th Cir. 1988).  "The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction."  <u>United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.</u>, 55 F.3d 1491, 1495 (10th Cir. 1995)(citation and internal quotations omitted). In determining whether a party has adequately presented facts sufficient to establish jurisdiction, the court should look to the complaint's face, <u>see</u> <u>Whitelock v. Leatherman</u>, 460 F.2d 507, 514 (10th Cir.

1972), accepting the well-pleaded factual allegations as true, see United States v. Rodriguez Aguirre, 264 F.3d 1195, 1203 (10th Cir. 2001), but ignoring conclusory allegations of jurisdiction, see Groundhog v. Keeler, 442 F.2d 674, 677 (10th Cir. 1971).

## STANDARD FOR DECIDING MOTIONS TO DISMISS

A motion to dismiss pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure "'admits all well-pleaded facts in the complaint as distinguished from conclusory allegations.'" Tal v. Hogan, No. 03-6293, 2006 U.S. App. LEXIS 16437, at *11 (10th Cir. June 29, 2006)(quoting Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976)). The court's role "'on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted'" Id. at *11-12 (quoting Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999)). The court "must liberally construe the allegations of a pro se complaint." Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 806 (10th Cir. 1999)(citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).

"A 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d at 1236 (citation and internal quotations omitted). The court is "not bound by conclusory allegations, unwarranted inferences, or legal conclusions." Hackford v. Babbitt, 14 F.3d 1457, 1465 (10th Cir. 1994)(citation omitted). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kansas Dep't of Corrections, 165 F.3d at 806 (citing Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir.

1997)).

## REQUIREMENTS FOR A § 1983 ACTION

To state a claim for relief under § 1983, plaintiffs "must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Amer. Mfrs. Mut. Ins. Co. v. Delores Scott Sullivan, 526 U.S. 40, 49-50 (1999). Similar to "the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Id. at 50 (citations and internal quotations omitted). "To satisfy the state action requirement, 'the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.'" Elliott v. Chrysler Fin., 149 Fed. Appx. 766, 768 (10th Cir. 2005)(quoting Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982), Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974), and Pino v. Higgs, 75 F.3d 1461, 1465 (10th Cir. 1996)).

The United States Court of Appeals for the Tenth Circuit has summarized the four tests to determine if private parties are state actors under the state action analysis:

> (1) the public function test, (2) the nexus test, (3) the symbiotic relationship test and (4) the joint action test. The Court has taken a flexible approach to the state action doctrine, applying a variety of tests to the facts of each case. In some instances, the Court has considered whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself. The Court has also inquired whether the state has so far insinuated itself into a position of interdependence with the private party that there is a symbiotic relationship between them. In addition, the Court has held that if a private party is a willful participant in joint activity with the State or its agents, then state action is present. Finally, the Court has ruled that a private entity that exercises powers traditionally exclusively reserved to the State is engaged in state

action.

Under each of these four tests, the conduct allegedly causing the deprivation of a federal right must be fairly attributable to the State.

* * * *

The public function test consists of determining whether the state has delegated to a private party a function traditionally exclusively reserved to the States.

* * * *

Under the nexus test, a plaintiff must demonstrate that there is a sufficiently close nexus between the government and the challenged conduct such that the conduct may be fairly treated as that of the State itself.  We have stated that under this approach, a state normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State.

* * * *

Under the analysis referred to as the symbiotic relationship test, the state must have so far insinuated itself into a position of interdependence with a private party that it must be recognized as a joint participant in the challenged activity.  We have noted that extensive state regulation, the receipt of substantial state funds, and the performance of important public functions do not necessarily establish the kind of symbiotic relationship between the government and a private entity that is required for state action.

* * * *

Under the joint action test, state action is also present if a private party is a willful participant in joint action with the State or its agents.  When applying this analysis, courts generally examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights.  Most decisions discussing this concept hold that if there is a substantial degree of cooperative action between state and private officials, or if there is overt and significant state participation in carrying out the deprivation of the plaintiff's constitutional rights, state action is present.

Johnson v. Rodrigues, 293 F.3d 1196, 1202-05 (10th Cir. 2002)(citations omitted).

## DUE PROCESS UNDER THE FOURTEENTH AMENDMENT

The Fourteenth Amendment protects citizens from the deprivation of "life, liberty, or property, without due process of law."  U.S. Const. amend XIV, § 1.  Courts engage in a two-step inquiry to determine whether an individual's procedural due process rights were violated: "(1) Did the individual possess a protected property interest to which due process protection was applicable? (2) Was the individual afforded an appropriate level of process?"  Camuglia v. City of Albuquerque, 448 F.3d 1214, 1219 (10th Cir. 2006)(citation and internal quotations omitted).

"The property interest must be 'specific and presently enforceable.'"  Jennings v. City of Stillwater, 383 F.3d 1199, 1206 (10th Cir. 2004)(quoting Doyle v. Okla. Bar Ass'n, 998 F.2d 1559, 1569 (10th Cir. 1993)).  The Tenth Circuit has stated:

> Property interests are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.  Thus, constitutionally protected property interests are created and defined by statute, ordinance, contract, implied contract and rules and understandings developed by state officials.

Hulen v. Yates, 322 F.3d 1229, 1240 (10th Cir. 2003)(citations and internal quotations omitted).

## ANALYSIS

GEICO has shown that Elliott has failed to establish that jurisdiction is proper in this Court, because Elliott does not, and cannot, allege facts which support his § 1983 claims and demonstrate, pursuant to 28 U.S.C. § 1343, that GEICO acted under color of any state law.  GEICO is not a state actor under these circumstances.

## I.   THE COURT LACKS SUBJECT MATTER JURISDICTION.

Elliott contends that the United States District Court has jurisdiction over this case, because the case involves a citizen's rights as guaranteed by the United States Constitution and by the Bill of

Rights.  Elliott contends that GEICO's cancellation of his automobile policy places him in a desperate

position.  See Response at 2.  He contends that any other "choice" insurance companies will prohibit

him from participating in their policies by "out of sight" charges that he cannot afford.  Id.

GEICO contends that there is no federal jurisdiction for this suit under 28 U.S.C. § 1331.  See

Motion to Dismiss at 1.  GEICO contends that, to establish a claim under 42 U.S.C. § 1983, and for

the Court to have jurisdiction over the claims, Elliott must demonstrate that GEICO: (i) deprived him

of rights secured to him by the laws or by the Constitution of the United States; and (ii) acted under

color of state law.  See id. at 3 (citing Amer. Mfrs. Mut. Ins. Co. v. Delores Scott Sullivan, 526 U.S.

at 49-50).

Although GEICO argues that the Court does not have jurisdiction pursuant to 28 U.S.C. §

1331, Elliott has asserted jurisdiction under 28 U.S.C. § 1343 and not under § 1331.  See Complaint

at 2.  "To establish subject matter jurisdiction under § 1343, the plaintiff must show that the

defendant acted 'under color of any state law.'"  Elliott v. Chrysler Fin., 149 Fed. Appx. at 768

(citing 28 U.S.C. § 1343(a)(3)).  Because GEICO is not a state actor, the Court will dismiss the

complaint for lack of subject matter jurisdiction.  "Ordinarily, § 1983 plaintiffs assert federal question

jurisdiction under 28 U.S.C. § 1331, and the state action requirement is treated only as an element

of the claim."  Elliott v. Chrysler Fin., 149 Fed. Appx. at 768-69 (citations omitted).  However, where

jurisdiction is asserted under § 1343 and not under § 1331, the state action requirement is

jurisdictional.  See id. at 767-68 ("Because Mr. Elliott asserted jurisdiction only under § 1343, the

state action requirement is an element of Mr. Elliott's cause of action as well as a jurisdictional

prerequisite.").  As in <u>Elliott v. Chrysler Fin.,</u>[1] if Elliott, here, had asserted jurisdiction under § 1331, the Court would have jurisdiction over the complaint.  <u>See id.</u> at 769.  Elliott, however, asserted jurisdiction only under § 1343 and not under § 1333.  Thus, the state action analysis here is jurisdictional and if there is no state action, then, pursuant to § 1343, the Court does not have jurisdiction.

Elliott contends that the State of New Mexico allows GEICO to insure motorists in the state and that GEICO has to abide by the State Legislature's and the Commissioner of Insurance's rules and regulations concerning insurance.  Elliott contends that this regulation makes GEICO a state actor under color of state law.  Elliott cannot, however, with these allegations establish that GEICO is a state actor.

"To satisfy the state action requirement, the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . ."  <u>Elliott v. Chrysler Fin</u>, 149 Fed. Appx. at 768. GEICO is a private insurance company and not a state actor.  Here, GEICO's conduct in providing automobile insurance does not appear to fit within any of the tests to determine if a private actor may be said to be a state actor.

First, under the public function test, the State of New Mexico has not delegated, to GEICO, a function traditionally exclusively reserved to the States.  The Court can find nothing in the New Mexico statutes that would indicate that providing automobile insurance has traditionally been

---

[1] <u>Elliott v. Chrysler Fin.,</u> 149 Fed. Appx. at 766, appears to have been brought by the same Plaintiff as the case before the Court.  The plaintiff there was Bartlett Elliott -- the same name as the Plaintiff here.  The case came out of the District of New Mexico.  And the Defendant was Chrysler Financial -- Elliott, in his Complaint before the Court, alleges that his 2000 Chrysler Voyager was unlawfully and illegally seized from his premises on December 22, 2004, which is the same date alleged in <u>Elliott v. Chrysler Fin.,</u> 149 Fed. Appx. at 767.

exclusively reserved by the state.  The United States Court of Appeals for the Third Circuit has noted

that the "traditionally exclusive public function requirement is a rigorous standard that is rarely . . .

satisfied."  Leshko v. Servis, 423 F.3d 337, 347 (3d Cir. 2005)(citations and internal quotations

omitted).

Second, under the nexus test, Elliott has not demonstrated that there is a sufficiently close

nexus between the government and the challenged conduct such that the conduct may be fairly treated

as that of the state itself.  New Mexico requires motorists to carry automobile insurance and regulates

the insurance industry.  This regulation does not show that GEICO providing insurance may be fairly

treated as that of the state itself.   "[S]tate regulation, even when extensive, is not sufficient to justify

a finding of a close nexus between the state and the regulated entity."  Lansing v. City of Memphis,

202 F.3d 821, 830 (6th Cir. 2000)(citations omitted).  See id. at 832 ("[E]ven in the[] extensively

regulated arenas [of enterprises such as insurance, schooling, worker's compensation, or electrical

utilities], the courts have been unwilling to find that state regulation alone is sufficient to impute the

actions of the regulated entity to the state.")(citation omitted).

Third, under the symbiotic relationship test, there is no allegation that New Mexico has "so

far insinuated itself into a position of interdependence with" GEICO, "that it must be recognized as

a joint participant in the" cancellation/modification of Elliott's insurance coverage. Elliott has not

alleged facts which would indicate that the state of New Mexico has insinuated itself into a position

of long-term interdependence with GEICO in providing automobile insurance.

Finally, under the joint action test, there is no indication or allegation that GEICO is a "willful

participant in joint action with [New Mexico] or its agents."  There is no allegation that New Mexico

officials and GEICO have acted in concert in effecting a particular deprivation of Elliott's

constitutional rights.  "Most decisions discussing this concept hold that if there is a substantial degree of cooperative action between state and private officials, or if there is 'overt and significant state participation' in carrying out the deprivation of the plaintiff's constitutional rights, state action is present."  Johnson v. Rodrigues, 293 F.3d 1196 at 1205 (citing Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1454 (10th Cir. 1995)).  Here, there is no substantial degree of cooperative action, nor is there overt and significant state participation in providing insurance.

GEICO concedes that it must follow the laws that the New Mexico State Legislature establishes, and the Office of the Superintendent of Insurance administers, if it wishes to conduct its insurance business in New Mexico.  See NMSA 59A-1-1 to 59A-1-18.  Such compliance with state law alone, however, cannot be said to constitute state action.  In cases involving extensive state regulation of private activity, the Supreme Court of the United States has "consistently held that the mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment."  Jackson v. Metropolitan Edison Co., 419 U.S. at 350 (holding that extensively regulated public utilities are not state actors).  Here there appears to be nothing more than an insurance business that is subject to state regulation, which the Supreme Court has already held is not sufficient alone to convert GEICO's actions into state action.[2]

_____

[2] The Court notes that, even if Elliott could establish that GEICO was acting under color of state law, it might be difficult, if not impossible, to show that he was deprived of a right secured by the Constitution or laws of the United States.  The United States District Court for the Eastern District of Pennsylvania rejected an argument similar to Elliott's implicit contention that the state regulatory scheme mandating automobile insurance coverage gives Elliott a protected property interest in his coverage.  See Mirabile v. State Farm Ins. Co., No. 94-0194, 1994 U.S. Dist. LEXIS 17841, at *6-18 (E.D.Pa. December 13, 1994)(rejecting the plaintiff's argument that, "because the purchase of automobile insurance is mandated by the Pennsylvania MVFRL, benefits payable pursuant to the parties' insurance contract are subject to a Constitutional guarantee as a property interest created by the state . . . .").  His apparent failure to establish deprivation of a right secured by the Constitution or laws of the United States might also warrant dismissal.

Elliott will not be able to establish that GEICO is a state actor to support jurisdiction under 28 U.S.C. § 1343.[3]

## II.     NO OTHER BASES FOR FEDERAL JURISDICTION EXISTS.

Elliott asserts that he has also stated a breach of contract claim.  See Response at 1.  First, after careful consideration of Elliott's Complaint the Court does not believe that Elliott has alleged a breach of contract claim.  The Complaint was originally brought under § 1983.  Also, the only Count that Elliott brings in the section of the Complaint entitled "Cause of Action" is "Count I: My Constitutional Rights have been violated by Geico General Insurance Company (Fourteenth Amendment, Sec. 1.)."   Complaint at 3.  Reading the Complaint liberally, the Court does not believe that Elliott has pled a state breach of contract claim.  For the Court to read into the Complaint a state breach of contract claim rather than, or in addition to, a § 1983 claim might move the court into the realm of advocacy for a pro se plaintiff rather than the Court performing the task of deciding the issues brought before it by the parties.  Elliott asserts in his response that he has stated a breach of contract claim.  However, the only place in the Complaint that Elliott suggests a breach is in his relief section where he states he believes he is entitled to the following relief: "Plaintiff has a right to an equitable remedy for a breach of performance; that being 'lifetime renewal' guarantee with Geico General Insurance Company."  Id. at 5.  But he never mentions the words breach of contract except in his response.  The Court would be moving material from his response into his complaint when there

---

[3] The Court notes that, pursuant to Elliott v. Chrysler Fin., and for the reasons explained in this opinion, even if Elliott had asserted jurisdiction under § 1331, the Court would treat state action as an element of the claim rather than as jurisdictional, and dismiss the Complaint for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Elliott v. Chrysler Fin., 149 Fed. Appx. at 768-69 ("Although § 1331 would provide subject matter jurisdiction, Mr. Elliott's complaint fails to state a claim upon which relief can be granted because it fails to establish state action.").

is no indication that he intended such.

Even if Elliott's Compliant could be read to bring a state breach of contract claim, Elliott still has not demonstrated that the Court would have jurisdiction over such a claim.  First, Elliott only asserted jurisdiction under 28 U.S.C. § 1343 and § 1983.  If Elliott is asserting a breach of contract claim under supplemental jurisdiction, the Court has already dismissed all of the claims over which Elliott asserted that the Court had original jurisdiction, and thus the Court will "decline to exercise supplemental jurisdiction."  28 U.S.C. § 1367(c).  The Tenth Circuit has recognized that, consistent with 28 U.S.C. § 1367(c)(3), the ordinary response will be to dismiss the state law claims without prejudice when a federal claim no longer supports supplemental jurisdiction.  See Roe v. Cheyenne Mountain Conference Resort, Inc., 124 F.3d 1221, 1237 (10th Cir. 1997).

Second, if Elliott is asserting a state breach of contract claim under diversity jurisdiction, he has not sufficiently pled such jurisdiction.  Again, Elliott only asserted jurisdiction under § 1343 and § 1983.  28 U.S.C. § 1332 is not mentioned anywhere in the Complaint.  And Elliott has not alleged diversity.  He lists his citizenship as New Mexico, and he lists "Sue McCoy, Underwriting Department" as a citizen of the United States of America but does not provide state citizenship. Complaint at 1.  Elliott has not alleged facts in his Complaint, as is his burden, that the Court has diversity jurisdiction.  Thus there is no basis, on the record before the Court, for the Court to assume jurisdiction over a state law claim for breach of contract even if Elliott had pled such a claim.

**IT IS ORDERED** that the Defendant's Motion to Dismiss is granted.  The Court will dismiss the Complaint for lack of jurisdiction.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties:*

Bartlett Elliott
Belen, New Mexico

      *Plaintiff pro se*

Donna L. Chapman
Amy M. Cardwell
Hatch, Allen & Shepherd, P.A.
Albuquerque, New Mexico

      *Attorneys for the Defendant*

-14-