# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BARTLETT ELLIOTT,

      Plaintiff,

vs.                                                                                     No. CIV-06-0234 JB/ACT

GEICO (GEICO GENERAL INSURANCE
COMPANY),

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendant's Motion for Costs, Injunctive Relief, and Attorneys Fees, filed August 21, 2006 (Doc. 12)("GEICO's Motion"); (ii) the Plaintiff's Letter regarding an unfiled Motion to Appeal to the State of New Mexico, the Seventh Judicial District Court, filed August 24, 2006 (Doc. 14)("Letter to Clerk"); and (iii) the Plaintiff's Motion to Strike the Defendant's Motion for Costs, Injunctive Relief, and Attorney's fees, filed August 24, 2006 (Doc. 15)("Motion to Strike"). The primary issues are: (i) whether the Court should allow Plaintiff Bartlett Elliott to appeal the judgment against him to a state district court; (ii) whether Defendant GEICO's motion is timely; (iii) whether the Court should award GEICO costs under 28 U.S.C. § 1919 for electronic legal research; (iv) whether the Court should award attorney's fees to GEICO; and (v) whether the Court should enjoin Elliott from filing further lawsuits in this District. Because the federal courts do not have jurisdiction to allow appeals to state courts, the Court will dismiss Elliott's letter, which it liberally construes as a motion to appeal. Because GEICO's motion for fees and costs is timely and otherwise procedurally appropriate, the Court will deny Elliott's motion to strike. The Court also finds that § 1919 does not allow the fees that GEICO

seeks, that GEICO has not shown that attorney's fees should be shifted, and that GEICO should be granted the injunctive relief it requests. Accordingly, the Court will grant GEICO's motion in part and deny it in part.

## FACTUAL BACKGROUND

Elliott, appearing pro se and in forma pauperis, sued GEICO in federal court for reinstating his automobile insurance policy in a less favorable class and at a higher premium after his prior policy was canceled. See Memorandum Opinion and Order at 1, filed July 27, 2006 (Doc. 10)("July 27 Order"). He contended that, because GEICO breached a lifetime renewal guarantee provision of his insurance policy, he was placed in harm's way. See id. at 1-2. Elliott alleged violation of a constitutional right to "life, liberty, and the pursuit of happiness." Id. at 2. Using a pro se civil rights complaint form, Elliott checked the box indicating that GEICO was acting under color of state law at the time his claim arose and that he was bringing suit under 42 U.S.C. § 1983. See Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 1, filed March 28, 2006 (Doc. 1)("Complaint"). Elliott stated that he had already sued GEICO in the Thirteenth Judicial State Court on these same allegations, and that the suit had been dismissed with prejudice. See id. at 4.

The Court dismissed Elliott's federal suit after determining that GEICO is not a state actor and the Court had no subject-matter jurisdiction, and that the Court should not take supplemental jurisdiction over any potential breach of contract claim Elliott might have. See July 27 Order at 7, 13. The Court entered final judgment dismissing the action on July 27, 2006. See Final Judgment, filed July 27, 2006 (Doc. 11).

This case is not the first time that Elliott has sued GEICO in federal court. He sued GEICO for one million dollars in 2004 for allegedly "fleecing" him by charging a $4.00 service fee because Elliott paid his insurance premium in installments rather than in advance. He alleged that the service

charge put him in "harm's way," and interfered with his constitutional right to life, liberty, and the pursuit of happiness.  See Complaint at 2-4, filed November 4, 2004 (Doc. 1 in 04cv01259).  After GEICO repeatedly pointed out that it was not a "state actor" and that the federal court had no jurisdiction over his claims, see GEICO's Motion to Dismiss for Failure to State a Claim, filed December 16, 2004 (Doc. 5 in 04cv01259), GEICO's Reply in Support of Motion to Dismiss for Lack of Jurisdiction, filed January 4, 2005 (Doc. 11 in 04cv01259), Elliott stipulated to dismiss the case with prejudice, see Stipulated Motion to Dismiss Matter with Prejudice, filed February 8, 2005 (Doc. 17 in 04cv01259).

A review of the Court's electronic database indicates that Elliott filed twenty-one civil actions in the District of New Mexico between July 2003 and May 2006.  See Memorandum Opinion and Order at 4, filed June 9, 2006 (Doc. 5 in 06cv00413).  In this case, and in many of the other federal cases he has brought, Elliott has obtained a waiver of fees by applying for in forma pauperis status under 28 U.S.C. § 1915.  See, e.g., Application to Proceed IFP and Order Granting Same, filed April 3, 2006 (Doc. 3 in 06cv0234); Application to Proceed IFP and Order Granting Same, filed January 3, 2005 (Doc. 3 in 04cv01432); Application to Proceed IFP and Order Granting Same, filed November 9, 2004 (Doc. 2 in 04cv01259); Application to Proceed IFP and Order Granting Same, filed September 29, 2004 (Doc. 2 in 04cv01085); Application to Proceed IFP and Order Granting Same, filed April 9, 2004 (Doc. 2 in 04cv00386); Application to Proceed IFP and Order Granting Same, filed March 9, 2004 (Doc. 2 in 04cv00240); Application to Proceed IFP and Order Granting Same, filed August 8, 2003 (Doc. 3 in 03cv00793).

Elliott has not prevailed in any of his twenty-one actions, and has dismissed some of the actions voluntarily or by stipulation.  At least nine of his cases brought under § 1983 have been dismissed for lack of jurisdiction, and in each case the presiding judge has explained to Elliott that

private conduct, "no matter how discriminatory or wrongful," may not be redressed by bringing a claim pursuant to 28 U.S.C. § 1343(3) or § 1983. See, e.g., Memorandum Opinion and Order at 2, filed March 10, 2005 (Doc. 10 in 04cv01432). The judges presiding over Elliott's actions have repeatedly instructed him that a federal defendant must be a state actor, acting under color of state law, to state a claim under § 1983. See id.; Memorandum Opinion and Order at 2-4, filed February 28, 2007 (Doc. 9 in 06cv00249); Memorandum Opinion and Order at 2-3, filed May 17, 2006 (Doc. 2 in 06cv00413); Memorandum Opinion and Order at 2, filed January 14, 2005 (Doc. 16 in 04cv01028); Memorandum Opinion and Order at 3-5, filed November 24, 2004 (Doc. 3 in 04cv00939); Memorandum Opinion and Order at 1, filed October 10, 2004 (Doc. 3 in 04cv01085); Memorandum Opinion and Order at 2-3, filed June 3, 2004 (Doc. 30 in 04cv00386); Memorandum Opinion and Order at 2, filed March 9, 2004 (Doc. 2 in 04cv00240); Memorandum Opinion and Order at 4, filed August 8, 2003 (Doc. 3 in 03cv00793). But despite the many attempts of the judges of this District to explain to Elliott the Court's jurisdictional requirements, Elliott continues to file pro se civil-rights suits against private parties who are not state actors.

Last year, the Honorable Alan C. Torgerson, United States Magistrate Judge, noted that he had presided over three of Elliott's suits that had been dismissed for lack of jurisdiction and warned Elliott "that further filing of frivolous lawsuits may result in an Order enjoining the Plaintiff from such filings." Memorandum Opinion and Order at 4, filed June 9, 2006 (Doc. 5 in 06cv00413) ("June 9, 2006 Order"). Elliott has appealed in four cases and has lost all four on appeal. See Elliott v. Chrysler Fin., 149 Fed. Appx. 766 (10th Cir. 2005); Elliott v. Chrysler Fin., 124 Fed. Appx. 610 (10th Cir. 2005); Elliott v. May, 122 Fed. Appx. 944 (10th Cir. 2005); Elliott v. Barnhart, 117 Fed. Appx. 659 (10th Cir. 2004). Elliott has not filed another federal case in this District since the June 9, 2006 opinion issued.

-4-

## PROCEDURAL BACKGROUND

GEICO moves for: (i) an award of costs in the amount of $829.96; (ii) an injunction barring Elliott from filing additional civil actions in the United States District Court for the District of New Mexico against GEICO unless he obtains prior authorization from a judge or magistrate by demonstrating the Court's subject-matter jurisdiction; and (iii) an award of attorney's fees in the amount of $4,653.00.  See GEICO's Motion at 1.

As his response to this motion, Elliott filed a  motion to strike GEICO's motion.  Elliott has not challenged any of the factual bases for GEICO's motion, including that he is, in fact, the party who brought the actions summarized above.  See Motion to Strike.  Nor has Elliott denied that he has been the recipient of the nine district-court opinions described above and in the attachments to GEICO's motion.  See id.

Elliott also filed a letter to the Clerk of the Court, complaining that GEICO was resisting his attempt to appeal to state-court by not concurring in an unfiled Motion to Appeal.  See Letter to Clerk.

## LAW REGARDING COSTS

The party seeking costs  has the burden of establishing "the amount of compensable costs and expenses to which it is entitled and assumes the risk of failing to meet that burden."  Allison v. Bank One-Denver, 289 F.3d 1223, 1248-49 (10th Cir. 2002).  Under the local rules, a motion to tax costs must be filed and served within thirty days of entry of judgment.  See D.N.M.LR-Civ. 54.1  GEICO seeks costs under 28 U.S.C. § 1919, which provides:  "Whenever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs."  28 U.S.C. § 1919.  A prevailing party in a case that has not been dismissed for want of jurisdiction may also move for costs under § 1920.

-5-

Although § 1919 does not enumerate the particular costs that are permitted, the United States Court of Appeals for the Tenth Circuit has looked to the list of permitted costs in § 1920 for guidance.   See Callicrate v. Farmland Indus., Inc., 139 F.3d 1336, 1339-42 (10th Cir. 1998)(discussing the award of costs under both sections).  The Tenth Circuit has explained that:

> there is a fundamental distinction between awarding costs under § 1919, and under § 1920 and Fed. R. Civ. P. 54(d). While Rule 54(d)(1) provides that "costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs . . ." (emphasis added), § 1919 instead states that the court "may order the payment of just costs" (emphasis added) when a jurisdictional dismissal occurs.  It has been noted that unlike costs awarded under Rule 54, costs awarded under § 1919 are not subject to a presumption that they shall be awarded to a prevailing party.

Id. at 1340 n.8.  The Tenth Circuit has also noted that "costs for computer legal research are not statutorily authorized" under § 1920, and has upheld the denial of those costs under § 1920.  Jones v. Unisys Corp., 54 F.3d 624, 633 (10th Cir. 1995).  More recently, however, the Tenth Circuit has clarified that, "computer research is not a separately taxable cost but a substitute for an attorney's time that is compensable under an application for attorneys' fees."  Sorbo v. United Parcel Serv., 432 F.3d 1169, 1180 n.10 (10th Cir. 2005).

## LAW REGARDING ATTORNEY'S FEES

Under D.N.M.LR-Civ. 54.5, a motion for attorney's fees also must be filed and served within thirty days after entry of judgment.  See id.  Under the American Rule, attorney's fees generally are not shifted unless some rule, statute, or contract creates an exception.  See F.T.C. v. Kuykendall, 466 F.3d 1149, 1152 (10th Cir. 2006)(noting that, "[u]nder the 'American Rule,' the prevailing party in civil litigation may not collect attorney fees from the loser").  "In certain rare circumstances, however, an exception to this rule is applied when a party opponent is found to have acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  Id. (internal quotations omitted)(analyzing the exception where a party requested attorney's fees from the United States under 28 U.S.C. §

2412(b)[1]).

> In order to fall within the exceedingly narrow bad faith exception to the general rule, there must be clear evidence that the challenged claim is entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons. . . .
>
> Whether the bad faith exception applies turns on the party's subjective bad faith.

F.T.C. v. Kuykendall, 466 F.3d at 1152 (internal quotations and citations omitted). "The test for bad faith is conjunctive -- it requires clear evidence of both a complete lack of color and an improper purpose on the part of the [plaintiff]." Id. at 1153. A case may be so frivolous or "deficient as to give rise to an inference that the claim was motivated by an improper purpose." Id. "[B]ad faith requires more than a mere showing of a weak or legally inadequate case, [however,] and the exception is not invoked by findings of negligence, frivolity, or improvidence." Id. (internal quotation omitted).

## LAW REGARDING INJUNCTIVE RELIEF

"The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." In re Winslow, 17 F.3d 314, 318 (10th Cir. 1994)(internal quotations and brackets omitted). "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous claims." Id. (internal quotations omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances."

---

[1] Section 2412(b) provides that the "United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." 28 U.S.C. § 2412(b).

Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989).  The court may impose restrictions on a

party's ability to file claims where it gives that party notice and an opportunity to respond, and

provides clear guidance about what a plaintiff must do to obtain permission to file an action.  See

id. at 353-54.  Thus, when a party has engaged in an abusive pattern of litigation, it is appropriate

for the court to enjoin that litigant from filing any claims without first seeking prior leave of the

court.  See  In re Winslow, 17 F.3d at 316; Werner v. Utah, 32 F.3d 1446, 1448 (10th Cir. 1994).

### ANALYSIS

Elliott contends that GEICO betrayed him as a policyholder and breached his insurance

contract.  Elliott, however, either has not read, does not understand, or has disregarded the Court's

attempts to explain federal jurisdiction under § 1983.   In repeatedly bringing actions that he either

subjectively knew or objectively should have known that the Court cannot adjudicate, Elliott is

bringing vexatious actions, and is burdening the Court with frivolous filings.  Such abusive filings

burden both the Court and parties such as GEICO, who must defend against such actions.  Remedies

to address the pattern of abusive filings are appropriate.

### I.     THE COURT WILL DISMISS THE PLAINTIFF'S MOTION TO APPEAL.

The Court liberally construes Elliott's Letter to the Clerk as a motion to appeal to state court.

See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)(instructing district courts to construe pro

se filings liberally).  Elliott concedes that he will have to go to the New Mexico state courts for relief

on any breach-of-contract claim, but instead of filing a complaint in state court, Elliott has implicitly

petitioned the Court to grant him leave to appeal this case to state court.  See Letter to Clerk at 1

(stating that GEICO does not concur in Elliott's "Motion to Appeal to the State of New Mexico, the

Seventh Judicial District Court"); Motion to Strike at 2 ("I have petitioned the United States District

Court to grant me leave to present this case to the state courts.").  Elliott misunderstands how to

bring his case in state court.  Elliott need not petition the federal court for leave to file his case in state court; indeed, the Court cannot grant him permission to do anything in state court.  Moreover, as Elliott is well aware, any appeals from this Court must be addressed to the Tenth Circuit.  Accordingly, the Court will dismiss his appeal to state court.

**II.      GEICO'S MOTION IS TIMELY.**

GEICO's motion was timely filed if filed by August 26, 2006, which is thirty days after the entry of judgment.  GEICO filed and served its motion for fees and costs on August 21, 2006.  GEICO's motion is thus timely, and the Court will consider its merits.

**III.     ELECTRONIC RESEARCH FEES ARE NOT RECOVERABLE AS COSTS UNDER 28 U.S.C. § 1919.**

GEICO requests that the Court award costs in the amount of $829.96 for necessary and reasonable electronic legal research, including research to prepare this motion and to defend against Elliott's action.  The Tenth Circuit has made clear that such fees are not recoverable under § 1920.  See Jones v. Unisys Corp., 54 F.3d at 633.  Accordingly, GEICO seeks recovery of these fees under § 1919.  The issue, therefore, is whether the fees for electronic research that GEICO seeks are recoverable under § 1919.

GEICO points to InvesSys, Inc. v. McGraw Hill, 369 F.3d 16 (1st Cir. 2004), as authority for its contention that its costs for electronic legal research are recoverable under § 1919.  But in that case, the United States Court of Appeals for the First Circuit held that recovery of electronic research costs were permissible under 17 U.S.C. § 505, which provides for recovery of both costs and attorney's fees in copyright infringement actions.  See id. at 22 ("[C]omputer-assisted research should be treated similarly and reimbursed under attorney's fee statutes like section 505, so long as the research cost is in fact paid by the firm to a third-party provider and is customarily charged by

the firm to its clients as a separate disbursement."). <u>InvesSys, Inc. v. McGraw Hill</u> does not support GEICO's request for recovery of its electronic legal-research fees as costs.

The second case GEICO cites for support suffers from a similar analytical flaw.  In <u>Bee v. Greaves</u>, 910 F.2d 686 (10th Cir. 1990), the prevailing plaintiff requested reimbursement for costs for attorney travel.  <u>See</u> <u>id.</u> at 690.  After noting that Rule 54(d) is not "a separate source of power to tax as costs expenses not enumerated in § 1920," that "§ 1920 defines the term 'costs' as used in Rule 54(d)," and that a court "has no discretion to award items as costs that are not set out in section 1920," the Tenth Circuit held that § 1920 did not encompass an attorney's travel expenses for pursuing an appeal. <u>Id.</u> (internal quotations omitted).  The Tenth Circuit further noted, however, that attorney-travel expenses were a normal part of recoverable attorney's fees under the civil rights act because "[i]tems that are normally itemized and billed in addition to the hourly rate should be included in fee allowances in civil rights cases if reasonable in amount." <u>Id.</u> (internal quotations omitted).   The Court remanded for a determination whether the plaintiff could recover these expenses as "a type that might be included in an attorney's bill" and whether they were reasonable in amount, and if so, to award them as recoverable attorney's fees.  <u>See</u> <u>id.</u>  Nevertheless, the Tenth Circuit specifically held that the district court had "properly refused to award them as costs." <u>Id.</u>

The Tenth Circuit pointed out in <u>Sorbo v. United Parcel Service</u> that <u>InvesSys, Inc. v. McGraw Hill</u> involved reimbursing for electronic-research fees under the attorney's fee, as opposed to the costs provisions, of the applicable statute.  <u>See</u> 432 F.3d at 1180 n.10.  Because the Tenth Circuit has upheld the denial of recovery of computer-research fees under the general-costs provisions of § 1920, <u>see</u> <u>Jones v. Unisys Corp.</u>, 54 F.3d at 633, and computer-research fees are not to be considered "costs" at all, <u>see</u> <u>Sorbo v. United Parcel Serv.</u>, 432 F.3d at 1180 n.10, the Court will not award the fees that GEICO requests in its motion for costs.  <u>See</u> <u>Bee v. Greaves</u>, 910 F.2d

-10-

at 690.

## IV.   GEICO HAS NOT MET ITS BURDEN TO ESTABLISH THE BASIS FOR FEE SHIFTING.

GEICO requests $4,653.00 for attorney's fees expended for defense of this action, inclusive of fees of $2,484.00 related to preparation of the motion for costs and attorney's fees.  The only basis GEICO gives for shifting fees, however, is its conclusion that, because Elliott has filed many suits and has been repeatedly told that his various other private defendants are not state actors under § 1983, his action must be "patently vexatious, brought in bad faith and entirely without color." GEICO's Motion at 6-7.  The Court notes that at the time Elliott filed his complaint in March 2006, he had not yet received Judge Torgerson's June 9, 2006 instructions on federal jurisdiction and the Judge's warning about filing frivolous suits and filing restrictions.  Elliott has not filed a suit in federal court since that time.

A review of Elliott's complaint further indicates that he still seems to have no understanding of the requirements for acting under "color of state law," and that he does not know how to read and understand a legal case in context.  On the first page of Elliott's Complaint, as the explanation of how GEICO's underwriter acted under color of state law, Elliott quoted an Oklahoma case citing a Tenth Circuit case for the proposition that "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of the state, is action taken 'under color of law.'"[2] Complaint at 1.  Elliott then explained that he "must have insurance coverage, as require [sic] by New Mexico law," but that he could no longer afford GEICO's rate

---

[2]  In the cited case, the court held that the state-employed "District Attorney and those on his staff were acting under 'color of law' when, based upon their investigation, they caused an arrest warrant to be issued against the plaintiff."  <u>Atkins v. Lanning</u>  415 F. Supp. 186, 188 (D. Okla. 1976).  This case is factually distinguishable to the Court, but does not seem to be to Elliott.

increase.  See id. at 3.  He complains that the "New Mexico Public Regulation Commission (Insurance Division) did not stand by the citizens of New Mexico, when they went right along with GEICO's guidelines and policies." Id.  In Elliott's view, GEICO's underwriter's actions were taken with New Mexico's permission, and she, therefore, was acting under "color of law."  While this apparent misunderstanding of state action may be frustrating, given the number of times the federal courts have attempted to explain it to Elliott, the Court cannot say that Elliott is suing GEICO in bad faith or that his motive in bringing suit was for an improper purpose on this evidence alone.  See F.T.C. v. Kuykendall,  466 F.3d at 1153 ("The test for bad faith is conjunctive -- it requires clear evidence of both a complete lack of color and an improper purpose on the part of the [plaintiff].").

The Court notes that GEICO has not cited any Tenth Circuit law in support of its claim for a shift in attorney's fees.  Under controlling Tenth Circuit precedent, such a shift may be made only under an "exceedingly narrow bad faith exception to the general rule," in which there is "clear evidence that the challenged claim is entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons." Id. at 1152 (emphasis added). "[B]ad faith requires more than a mere showing of a weak or legally inadequate case, and the exception is not invoked by findings of negligence, frivolity, or improvidence." Id. at 1153.  GEICO has failed to show something more than that.

Concerning fees, Elliott represents that he has spent many hours and much time copying papers, typing, and other activities, and asserts that, in this day, such "charges" come to a considerable amount.  Elliott states, however, that, because he is not an attorney and is proceeding pro se, he cannot ask for fees.  Elliott's response to GEICO's request for fees again misses the point, supporting the Court's conjecture that Elliott does not understand the applicable legal argument.

**V.     THE COURT WILL GRANT INJUNCTIVE RELIEF.**

GEICO requests that the Court: (i) enjoin Elliott from filing any new complaints against GEICO in the District without first seeking the approval of a judge of the Court by making a showing of the grounds upon which he seeks to invoke the Court's jurisdiction; or, in the alternative, (ii) enjoin Elliott from filing a claim in the District unless licensed counsel who would be subject to rule 11 represents him.

In his motion to strike, Elliott states that GEICO has invaded his privacy by intruding into his private matters. He contends that whether he has filed "no case, one case, or a hundred cases" is none of GEICO's business. Motion to Strike at 1. GEICO has not, however, invaded Elliott's privacy by reviewing publicly available case information. Elliott is mistaken that cases filed in United States District Court are private matters.

That Elliott has sued GEICO twice in this District in the last two years and has filed over twenty cases in federal court in the past three years may not, alone, be noteworthy. See Tripati v. Beaman, 878 F.2d at 353 ("Litigiousness alone will not support an injunction restricting filing activities."). What is central to the Court's determination is that the Court has had to deal with many jurisdictionally flawed suits in recent years, and there is still no indication that Elliott understands the problems with his suits or the problems he is causing. Elliott's cases are not ones in which the defendant is arguably engaged in state action. The Court will thus impose reasonable measures to ensure that Elliott properly invokes the Court's jurisdiction or that counsel represents him in such matters in the future.

Elliott also contends that GEICO has no right to suggest to the Court that it should prohibit him from filing a case in the District court. Elliott states:

That, your Honor, is TYRANNY. As a citizen of these United States of America,

> plaintiff has the right to 'due process', as guaranteed by the United States
> Constitution and Bill of Rights . . . . I will fight for Life, Liberty, and the Pursuit of
> Happiness with my dying breath, and no attorney can or will take away those rights;
> so help me God.

Letter to Clerk at 1. The Court is not, however, prohibiting Elliott from ever filing a case in this

Court. The Court is, rather, seeking to ensure that any such case meets fundamental jurisdictional

requirements before the Court uses its limited resources to handle such matters and before GEICO

or any other defendant must defend against such an action.

The Court will impose the following filing restrictions on Elliott. Elliott may not pursue

further litigation against GEICO or any other defendant in the United States District Court for the

District of New Mexico[3] unless either (i) a licensed attorney admitted to practice before this Court

signs the pleading or (ii) Elliott first obtains permission to proceed pro se. See Depineda v.

Hemphill, 34 F.3d 946, 948-49 (10th Cir. 1994). To obtain permission to proceed pro se in federal

court, Elliott must take the following steps:

1. File a petition with the Clerk of the Court requesting leave to file a pro se original

proceeding.

2. File with the petition a notarized affidavit, in proper legal form, which recites the issues

Elliott seeks to present, including a short discussion of the legal right asserted and why the Court

has jurisdiction over the defendants. The affidavit must certify, to the best of Elliott's knowledge,

that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted

by existing law or a good-faith argument for the extension, modification, or reversal of existing law,

that the new suit is not interposed for any improper purpose such as delay or to needlessly increase

---

[3] In any action in which Elliott is a defendant, or where a defendant removes the case from
state court to federal court, these restrictions will not apply.

the cost of litigation, and that he will comply with all the rules of this Court. If Elliott has previously sued the defendant in state court or in another federal complaint, the affidavit must certify that the proposed new suit does not present the same issues that another court decided and why another suit against the defendant would not be an abuse of the system.

3. The petition must list all actions Elliott has previously filed and describe their status. He must provide a copy of the filing restrictions placed on him from this or any other court.

4. Elliott shall submit his petition and affidavit, and a copy of the filing restrictions, to the Clerk of the Court, who shall forward them to the Honorable Lorenzo F. Garcia, Chief United States Magistrate Judge, for review to determine whether to permit a pro se original proceeding. Without Judge Garcia's approval, and the concurrence of the assigned Article III Judge, the Court will dismiss the action. If Judge Garcia approves the filing, Judge Garcia shall enter an order indicating that the new proceeding shall proceed in accordance with the Federal Rules of Civil Procedure.

Elliott shall have ten days from the date of this order to file written objections, limited to fifteen pages, to these proposed filing restrictions. If he does not file objections, the restrictions shall take affect twenty days from the date of this order. The filing restrictions shall apply to any matter filed after that time. If Elliott timely files objections, these restrictions shall not take effect until the Court has ruled on the objections.

In addition, GEICO asks the Court to consider disallowing future waiver of fees to Elliott. Congress has recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." Id. at 325. GEICO argues that the Court should consider whether in forma pauperis status should be presumptively denied to Elliott, or

whether to impose any other restrictions that will avoid the burden on the courts and parties, given Elliott's pattern of filing suits without a jurisdictional basis.

The Court will not impose any further restrictions at this time.  The Court will, however, ask the United States Magistrate Judge and the Clerk of the Court to bring any future applications by Elliott for in forma pauperis status and this opinion to the United States District Judge assigned to this case.  The Court suggests that it may scrutinize future applications with more care, rather than put preemptive restrictions in place today, without more information about Elliott's current and upcoming financial situation.

**IT IS ORDERED** that GEICO's Motion for Costs, Injunctive Relief, and Attorneys Fees is granted in part and denied in part.  The Court will not award the Defendant any costs or attorney's fees.  The Court enjoins the Plaintiff from filing additional civil actions in the United States District Court for the District of New Mexico unless he obtains prior authorization as set forth above.

**IT IS FURTHER ORDERED** that Elliott's Motion to Appeal to state court is dismissed and that his Motion to Strike is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and Parties:*

Bartlett Elliott
Moriarty, New Mexico

   *Plaintiff pro se*

Donna L. Chapman
Amy M. Cardwell
Hatch, Allen & Shepherd, P.A.

-16-

Albuquerque, New Mexico

*Attorneys for the Defendant*